### Ex Parte O'Neal Massey.

No. 23312. Delivered January 9, 1946.
Rehearing Denied January 30, 1946.
Application to File Second Motion for Rehearing Denied (Without Written Opinion) February 20, 1946.

The opinion states the case.

*O'Neal Massey,* for himself.

*Jas. M. Crane,* District Attorney, of Conroe, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

There is before the court an appeal from a nunc pro tunc judgment, and also a habeas corpus proceeding. The two are so commingled that our State's Attorney has filed a motion that the two matters be consolidated and disposed of in one opinion. The motion is granted, and the causes are consolidated.

The record presents the following situation. Appellant was indicted in Cause No. 5070 in the District Court of San Jacinto County charged with robbery by assault. The indictment also alleged that appellant had been theretofore convicted of two successively committed felony offenses. This case was tried in March, 1941, the jury finding that appellant was guilty of the primary offense of robbery by assault, and also that he had previously been convicted of the two felonies which had been properly averred in the indictment. Under the provision of Article 63 P. C. the only punishment was life imprisonment in the penitentiary. In entering the judgment in the court minutes the clerk used a blank form of judgment and inadvertently omitted to insert in the blank left for it that the punishment was assessed at imprisonment in the penitentiary for life. The sentence of the court pronounced against appellant was for life imprisonment in the penitentiary. No appeal was prosecuted.

Appellant applied to the District Judge of Walker County for a writ of habeas corpus, claiming that by reason of the omission of the penalty in the judgment referred to he was entitled to be discharged from the penitentiary. On the 19th of July, 1945, the District Judge of Walker County issued the writ, reciting in his order that "all the records, books, papers and

witnesses would be available at Cold Springs in San Jacinto County," and directed the Warden of the penitentiary to produce appellant before the District Judge in San Jacinto County on July 26 "then and there to show cause why the said O'Neal Massey is restrained of his liberty." The writ having already been granted, the proper proceeding would have been for the District Judge in San Jacinto County to have ascertained the facts and certified them to this court with the application in compliance with the Act of the 48th Legislature, Ch. 233, p. 354, requiring the writ to be made returnable to the Court of Criminal Appeals after conviction in felony cases.

When it was called to the notice of the District Attorney of San Jacinto County that appellant was seeking release from the penitentiary because of the defect in the judgment in Cause No. 5070 he filed in the district court a proper motion asking that a nunc pro tunc judgment be entered in said cause making the court minutes reflect the judgment which was in fact rendered in said cause No. 5070. After notice to appellant, and upon a hearing the District Court of San Jacinto County on July 25, 1945, directed the entry of a nunc pro tunc judgment correcting the judgment which had been erroneously entered on the court minutes in 1941. From this nunc pro tunc judgment appellant gave notice of appeal to this court.

Instead of certifying the facts ascertained in the habeas corpus hearing to this court as required by the Acts of the 48th Legislature (supra) the Judge of the District Court of San Jacinto County appears to have regarded the order of the District Judge of Walker County as merely transferring the application for the writ of habeas corpus to the judge of San Jacinto County, and after having entered the judgment nunc pro tunc he refused the writ of habeas corpus. But, as heretofore stated, the writ had already been granted by the District Judge of Walker County.

However irregular the proceeding appears the record in the habeas corpus matter is now before us, as well as the appeal from the nunc pro tunc judgment in cause No. 5070.

We discover no error in Cause No. 5070 which demands a reversal and the judgment therein is affirmed. See Ex parte Patterson, 139 Tex. Cr. R. 489, 141 S. W. (2d) 319.

Appellant is not entitled to the relief sought in the habeas corpus proceeding, and he is hereby remanded to the warden of the penitentiary of Texas.

ON RELATOR'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Relator now takes the position that the failure of the judgment in Cause No. 5070 to reflect the punishment assessed was not an inadvertent omission on the part of the clerk of the court in recording the judgment but was an error of law and not correctable by nunc pro tunc order after adjournment of the term of court at which the judgment was rendered. Ex Parte Pruitt v. State, 141 S. W. (2d) 333.

It is not necessary to determine the question thus sought to be presented, because the judgment as originally entered in Cause No. 5070 was a valid judgment.

By its verdict, the jury found relator guilty of the offense of robbery by assault and, further, that prior to commission of that offense he had been twice convicted of different felony offenses. Under such finding, the law fixed relator's punishment at life imprisonment in the penitentiary. Art. 63, P. C.; Haro v. State, 132 Tex. Cr. R. 507, 105 S. W. (2d) 1093. The question of punishment, then, was not one for the jury.

Upon this verdict, the trial court entered judgment in compliance with the provisions of Art. 766, C. C. P., save and except section 10 thereof, which provides that judgment of the court show "that the defendant be punished as has been determined by the jury." The jury not having fixed the punishment, the trial court was hardly in position to comply with such provision.

While it is probably the better practice in such cases for the trial court to state in its judgment the punishment which the law fixes under the verdict, we are unable to reach the conclusion that his failure to do so would render the judgment invalid, especially when—as in the instant case—the sentence which constitutes the final judgment in the case correctly sentenced relator to life imprisonment in the penitentiary. The judgment, in following the jury's verdict, substantially complied with Article 766, C. C. P. and was not invalid in the first instance.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.