## MASSEY *v.* MOORE, WARDEN.

No. 119.   Argued November 8, 1954.—Decided
December 6, 1954.

*Dean Acheson* argued the cause and filed a brief for petitioner.

By special leave of Court, *pro hac vice, James N. Castleberry, Jr.,* Assistant Attorney General of Texas, argued the cause for respondent.   With him on the brief were *John Ben Shepperd,* Attorney General, and *Rudy G. Rice,* Assistant Attorney General.

Mr. Justice Douglas delivered the opinion of the Court.

Petitioner, who is in a Texas prison under a life sentence imposed by a Texas court, brought this petition for writ of habeas corpus in the Federal District Court. His claim is that he was denied the due process of law guaranteed by the Fourteenth Amendment because he was tried and convicted of robbery at a time when he was of unsound mind and unassisted by counsel. The District Court denied the petition without a hearing. The Court of Appeals affirmed by a divided vote. 205 F. 2d 665. The case is here on certiorari. 347 U. S. 1011.

Petitioner's trial on the robbery charge started and ended the same day. He had been confined to the psychopathic hospital of the state prison for several months prior to the trial; and for part of that time he was kept in a cell block reserved for the most violent inmates. He was removed from a strait jacket March 7, 1941, and tried March 11, 1941. He stood trial without benefit of counsel, though the crime with which he was charged carried a mandatory life sentence because petitioner had suffered two prior felony convictions. See Tex. Pen. Code, Art. 63.

Petitioner declined to plead guilty; hence a plea of not guilty was entered. So far as we are advised, petitioner took no part in the proceedings and made no attempt to conduct any defense. Petitioner was convicted and immediately sentenced. Shortly thereafter, he tried to commit suicide; and then he was recommitted to the psychopathic ward where he was confined for several months more. While he was so confined, the time for appeal from his judgment of conviction expired.

Since his conviction, petitioner has tried repeatedly to obtain relief by way of habeas corpus both in the state and federal courts. He repeatedly claimed that he was tried and convicted without counsel while he was insane and

unable to defend himself. Until 1952, he failed,* because the record of his trial erroneously stated that he was represented by counsel. The error in that record was corrected by affidavits of both the trial judge and the prosecuting attorney. Thereupon petitioner renewed his efforts to get a hearing on his claim. Finally the Texas courts denied him relief because under Texas law the question whether he was insane and thus unable to defend could be raised only on appeal, not collaterally. *Ex parte Massey,* 157 Tex. Cr. R. 491, 249 S. W. 2d 599. Petitioner, having exhausted his state remedies, sought the present relief in the District Court, which ruled against him. The Court of Appeals affirmed on the grounds (1) that petitioner now tenders an issue which could and should have been raised during the trial; (2) that the question of petitioner's insanity was determined against him in 1948 by the District Court; and (3) that the allegations of insanity and lack of counsel do not present a substantial federal question.

We disagree with the Court of Appeals and conclude that petitioner is entitled to a hearing on the question whether he was insane at the time of the trial. He has not had such a hearing. In 1948, the District Court, acting on the erroneous assumption that petitioner had counsel, held that he was competent to stand trial.

In the present case the District Court merely ruled, "On this question of whether, since he was not represented by counsel at his trial, he is in custody in violation of the Constitution, etc. of the United States, I have examined again all the proceedings in this Court and in the State Courts and have reached the conclusion that his contention that his trial was not in accordance with the

---

*For the chapters, which are reported, in petitioner's unsuccessful attempts to obtain a hearing on the question, see *In re Massey,* 327 U. S. 770; *Ex parte Massey,* 149 Tex. Cr. R. 172, 191 S. W. 2d 877; *Massey* v. *Moore,* 173 F. 2d 980.

Constitution is without merit." That may mean that the evidence to support the finding that petitioner was competent to stand trial with a lawyer was also sufficient to sustain the conclusion that he was competent to stand trial without a lawyer. It may mean that in the view of the District Court the two issues are the same. The present record leaves us in doubt. One might not be insane in the sense of being incapable of standing trial and yet lack the capacity to stand trial without benefit of counsel. The difference in those issues and the importance of that difference to the petitioner make manifest that grave injustice might be done, if the finding in the earlier proceedings were allowed to do service here. On this record the question of petitioner's ability to represent himself without counsel remains undetermined.

On the present pleadings we must take as true the allegation of mental incapacity at the time of the trial. See *Smith* v. *O'Grady,* 312 U. S. 329; *White* v. *Ragen,* 324 U. S. 760, 763. Yet if he were then insane as claimed, he was effectively foreclosed from defending himself. We cannot hold an insane man tried without counsel to the requirement of tendering the issue of his insanity at the trial. If he is insane, his need of a lawyer to tender the defense is too plain for argument. We have not allowed convictions to stand if the accused stood trial without benefit of counsel and yet was so unskilled, so ignorant, or so mentally deficient as not to be able to comprehend the legal issues involved in his defense. See *Williams* v. *Kaiser,* 323 U. S. 471; *Wade* v. *Mayo,* 334 U. S. 672; *Palmer* v. *Ashe,* 342 U. S. 134. The requirement of the Fourteenth Amendment is for a fair trial. See *Betts* v. *Brady,* 316 U. S. 455, 462. No trial can be fair that leaves the defense to a man who is insane, unaided by counsel, and who by reason of his mental condition stands helpless and alone before the court. Even the sane layman may have difficulty discovering

in a particular case the defenses which the law allows. See *Gibbs* v. *Burke,* 337 U. S. 773. Yet problems difficult for him are impossible for the insane. Any defense is hopelessly beyond reach for an accused who is insane. He stands convicted on a chafge which he could not contest and yet for which he may well have had a complete defense.

For the same reasons, the failure of an insane man to raise the question of his insanity on appeal emphasizes only his need for counsel, not his waiver or loss of his constitutional right. Cf. *Smith* v. *O'Grady, supra.*

We do not intimate an opinion on the merits, for we do not know what facts the hearing will produce. We only rule that if the allegations charged are proven, petitioner has been deprived of his liberty without due process of law.

*Reversed.*