**Richard Edward GRAY, Appellant,**

v.

**O. B. ELLIS, General Manager, Texas Prison System, Appellee.**

**No. 17014.**

United States Court of Appeals
Fifth Circuit.

June 30, 1958.

Rehearing Denied Aug. 11, 1958.

Richard Edward Gray, Huntsville, Tex., in pro. per.

B. H. Timmins, Jr., and Linward Shivers, Asst. Attys. Gen. (Will Wilson, Atty. Gen., of Texas, on the brief), for appellee.

Before TUTTLE, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Appellant was convicted in the state courts of Texas, of the offense of robbery and was sentenced to a term of not less than five nor more than 50 years. He did not appeal from the conviction, but he subsequently filed a petition for habeas corpus in the state court alleging the absence of the effective assistance of counsel on his trial and the fact that he was not mentally competent at the time of his trial. The state court denied the writ and appellant exhausted his state remedies in this respect. He petitioned for writ of certiorari to the United States Supreme Court. This petition was denied.

Thereupon, appellant filed his petition for habeas corpus in the United States District Court. The trial court, without issuing a show cause order, obtained the record of the trial in the state court, gave the respondent an opportunity to answer the petition, and thereafter gave appellant an opportunity to reply to appellee's answer. The answer included an affidavit of the state trial judge averring that he had appointed competent counsel for Gray, but that Gray sought to discharge him during the trial; that nevertheless he required counsel to stay at appellant's side during the trial. The appointed lawyer gave an affidavit to substantially the same effect. Gray, in his reply, does not deny the appointment of counsel, but asserts that although he told counsel he had had a mental examination by a named doctor and that he was of unsound mind, the lawyer told him to plead guilty and take a ten year pre-arranged sentence; that the lawyer asked the court to be relieved from representing him when he insisted on entering a plea of not guilty and that he took no part in, or assisted him in, the trial. The district court entered an order denying the writ and refusing to enter an order to show cause.

While it places a heavy burden on state officials to meet accusations of this kind when they are, as frequently happens, not proved, and although it also makes quite burdensome and unattractive the volunteer services of a court-appointed lawyer who actually does his duty, Congress has by appropriate legislation required that when there is an issue of fact which, if decided favorably to the accused, entitles him to relief, he must be afforded a hear-

ing and be brought into court for that purpose.[1]

As indicated, this requirement comes into play only if the allegations of fact are such as would, if found in petitioner's favor, entitle him to relief. All of the allegations made by the petitioner here are merged into the one charge that he was not afforded effective representation by counsel. If his confession was improperly admitted, if he was not fully competent mentally to stand trial; if additional witnesses might have been called —these are matters of defense which it would be the duty of counsel to consider and assert or waive as seemed to him in the interest of the accused.

We thus come to the only serious question raised by the record. Was the trial and conviction of petitioner under the particular circumstances asserted so unfair as to amount to a denial of due process of law under the Fourteenth Amendment? There is, of course, no express constitutional requirement of representation of counsel in state court trials as is required by the Sixth Amendment to the United States Constitution, cf. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. This is not to say that the failure of a state court to appoint counsel in the absence of an intelligent and effective waiver by the accused may never be the basis of an attack on the validity of the proceedings. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 84 L.Ed. 158, stood for the proposition that in capital cases due process required the effective appointment of counsel in a state prosecution. Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 1250, 93 L.Ed. 1686 stated: "Our decisions have been that where the ignorance, youth, or other incapacity of the defendant made a trial without counsel unfair, the defendant is deprived of his liberty contrary to the Fourteenth Amendment." The same principle was announced in Palmer v. Ashe, 342 U.S. 134, 135, 72 S.Ct. 191, 192, 96 L.Ed. 154:

"This Court has repeatedly held that the Due Process Clause of the Fourteenth Amendment requires states to afford defendants assistance of counsel in noncapital criminal cases when there are special circumstances showing that without a lawyer a defendant could not have an adequate and a fair defense."

In Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 440, 69 S.Ct. 184, 192, 93 L.Ed. 127, there is a discussion of the differences in attitudes of the several members of the Supreme Court on the subject. See also Massey v. Moore, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135, where there was a charge of insanity and failure to appoint counsel.

Here, however, counsel *was* appointed, but petitioner, without alleging any improper collaboration or improper motive of his counsel, charged him with specific acts that were detrimental to petitioner. Briefly, these are: counsel told him he was a fool not to plead guilty; that he had arranged with the prosecution to recommend a ten year prison term; that he failed to subpoena witnesses, one of them a doctor who, petitioner says, would have testified to his mental incompetence; that the counsel asked the court to be relieved of representing him when he refused to plead guilty, and counsel did not aid him in his defense.

The real question here is whether these allegations, made in light of a record that shows experienced counsel was appointed by the court, petitioner appeared and entered his plea of not guilty with counsel present; and that counsel was still present at the reception of the verdict and sentencing, require a hearing as of an issue of fact under Section 2243, since the statements of counsel and the trial judge factually refute these allegations. The trial judge specifically stated that he urged on the petitioner that he permit counsel to continue to represent him, but petitioner refused; nevertheless the judge required

---

1. 28 U.S.C.A. § 2243 provides:

"Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained."

counsel to remain at counsel table throughout the trial.

We think that where a state court has so far conformed its conduct of a trial in a non-capital case to basic concepts of due process as to appoint able and experienced counsel, and to urge an accused to use the services of such counsel (which is not denied by petitioner here), and there is no express allegation that the accused complained to the court of the particular alleged defects in such counsel's conduct of petitioner's case as are now raised here, there has been no such prima facie showing of unfairness as would require a hearing under the Federal statutes.

We conclude that the trial court did not err in dismissing the petition.

The judgment is affirmed.