Desmond, J.
(dissenting). As I see it, there was a triable
issue here and serious error in refusing to try it. The question was not whether defendant was informed of his right to counsel. Defendant’s assertion was that he had not “ intelligently and understandingly waived” that right. He was never asked by the court whether he was aware of the legal effect of his guilty plea or of the implications of such a plea, including possible punishments, etc., or as to whether he knew of his right to consult with counsel before pleading or knew of his right to plead not guilty and put the State to its proof. The court should have inquired fully into the measure and quality of defendant’s understanding, since the court before the sentencing had warning from a psychiatrist’s report that defendant was a “ psychopathic personality ”, of “ borderline intelligence ” and that he was ‘ ‘ dull and unstable ’ ’. I certainly cannot agree with the People’s brief .here that “ Implicit in this designation of the petitioner was the finding that he was competent to plead to the charge and to stand trial thereupon.”
In People v. Boehm (309 N. Y. 362), where there was a similar psychiatric report, we held that if the “ defendant * * * does claim that * * * he lacked sufficient intelligence or mental capacity to understand the trial court’s monition that he was entitled to an attorney, he is free to file a further petition based upon such a claim ” (p. 369). Defendants Boehm later filed such a petition (containing allegations like those in the petition filed by this defendant) and were given a trial thereon which resulted in setting aside their conviction. The fact that this defendant was reported by the physician to be “without psychosis ” is not determinative if he lacked full understanding of his position and his rights (see Massey v. Moore, 348 U. S. 105, 108, 109; Von Moltke v. Gillies, 332 U. S. 708, 724).
The order should be reversed and the matter remitted to the Court of General Sessions for trial.
Order affirmed.