MATTOX *v.* SACKS, WARDEN.

No. 584, Misc.   Decided May 14, 1962.

Petitioner *pro se.*

*Mark McElroy,* Attorney General of Ohio, and *Aubrey A. Wendt,* Assistant Attorney General, for respondent.

PER CURIAM.

Petitioner was convicted in an Ohio state court of assault with intent to kill and of cutting with intent to kill, wound or maim the same person.   He immediately sought a writ of habeas corpus which was denied on the ground that appeal was the proper remedy.   He then attempted to appeal, but this was denied as out of time and the Supreme Court of Ohio affirmed this denial.   He unsuccessfully sought habeas corpus twice more, the latest petition being to the Supreme Court of Ohio and alleging, among other matters, a denial of counsel at his trial and a deprivation of rights guaranteed by the Due Process Clause of the Fourteenth Amendment.   The Supreme Court of Ohio denied the petition, holding that habeas corpus was not a substitute for appeal and was not available to remedy the defects alleged by petitioner.   Petitioner now seeks our writ of certiorari to review that ruling.

The petition for certiorari must be denied. The decision below and the several prior actions in the Ohio courts indicate that petitioner is without a state remedy to challenge his conviction upon the federal constitutional grounds asserted. In these circumstances, *Darr* v. *Burford*, 339 U. S. 200, 208, is not applicable and a prisoner may, without first seeking certiorari here, file his application for habeas corpus in the appropriate United States District Court. 28 U. S. C. § 2254. *Massey* v. *Moore*, 348 U. S. 105; *Frisbie* v. *Collins*, 342 U. S. 519. Petitioner's allegations, if true, would present serious questions under the Fourteenth Amendment, and those allegations would therefore entitle him to a hearing. *Massey* v. *Moore, supra; Pennsylvania ex rel. Herman* v. *Claudy*, 350 U. S. 116.

MR. JUSTICE FRANKFURTER took no part in the consideration or decision of this case.