**STATE OF MINNESOTA ex rel. Joe Richard BASSETT, Relator,**

v.

**Ralph H. TAHASH, Warden, Minnesota State Prison, Respondent.**

Civ. No. 3-62-195.

United States District Court
D. Minnesota,
Third Division.
Sept. 21, 1962.

DONOVAN, District Judge.

This matter comes before the Court on petitioner's application for a writ of habeas corpus.

Petitioner alleges that he is imprisoned in the Minnesota State Prison at Stillwater, Minnesota, because of a judgment of conviction and sentence by the District Court of Olmsted County, Minnesota. It is further alleged that petitioner made application for a writ of habeas corpus to one of the district courts of Minnesota and that said application was denied. An appeal therefrom was taken to the Supreme Court of Minnesota where the order of the district court was affirmed.[1]

The facts upon which petitioner relies in support of his application are summarized in the aforementioned decision of the Supreme Court of Minnesota:

"On April 21, 1954, the defendant entered a plea of guilty to the charge of robbery in the first degree, which offense is punishable under Minn.St. 619.42 by imprisonment of not less than 5 nor more than 40 years. On April 22, 1954, the defendant was sentenced 'to the State Prison at Stillwater, Minnesota, at hard labor until released by competent authority or due process of law.' At the time he was sentenced, the defendant had not quite reached his 22nd birthday. He should have been committed to a state reformatory. Section 243.76, subd. 1, provides that—

" '* * * any male person of more than 18 years of age and not more than 25 years of age shall, * * * when the court shall decide that a sentence to a state penal institution is the proper punishment, be sentenced to the state reformatory for men * * *.' "

Petitioner contends that his imprisonment is in contravention of his rights under the Fourteenth Amendment to the Constitution of the United States, because the Court which sentenced him had the power only to commit him to a State reformatory.

1. State ex rel. Bassett v. Tahash, (1962) Minn., 116 N.W.2d 564.

██ It is well-settled that an application for a writ of habeas corpus attacking a State court judgment of conviction for crime, will be entertained by a Federal court only after all State court remedies available, including all appellate remedies in the State courts and in the Supreme Court of the United States by appeal or writ of certiorari, have been exhausted.[2] It is also true, as contended by petitioner, that if he is without a State remedy to challenge the legality of his conviction upon the Federal constitutional grounds asserted, he is then entitled to file his application for habeas corpus in the appropriate United States District Court without first seeking certiorari in the Supreme Court of the United States.[3]

Petitioner relies upon the recent case of Mattox v. Sacks, supra note 3. In that case petitioner, in his application to the State court for habeas corpus, challenged his conviction upon Federal constitutional grounds and the writ was denied without consideration of the merits. Under these circumstances, the Supreme Court of the United States held that petitioner was without a proper State remedy and was thereby entitled to apply directly to Federal District Court without first seeking certiorari in the Supreme Court.

The sole question before this Court is whether, under the facts here presented, petitioner has demonstrated that he is without a proper State remedy.

██ The instant case may be readily distinguished from the Mattox case. In the instant case, petitioner, in his application for habeas corpus to the Supreme Court of Minnesota, apparently did not challenge the legality of his conviction.[4]

Nor does it appear whether or not petitioner ever asserted in the State courts any of the Federal constitutional grounds he now alleges in his application to this Court. In the opinion rendered against petitioner, the Supreme Court of Minnesota states:

> "The defendant does not allege his innocence or that the conviction itself violates his constitutional rights. He voluntarily entered a plea of guilty after consulting with his attorney. * * *"

Furthermore, in the case at bar, the application for habeas corpus was reviewed in the light of petitioner's fundamental constitutional rights and the writ was denied on the merits. The Supreme Court of Minnesota in arriving at its decision on petitioner's application states:

> "In reviewing a denial of the writ our concern is primarily directed to the question of whether the committing court had jurisdiction of the crime and of the person of the defendant; whether the sentence was authorized by law; *and whether the defendant was denied fundamental constitutional rights.* * * *"

[Emphasis supplied.]

It is clear, therefore, that the Mattox case, upon which petitioner relies, is not applicable to the facts here presented and petitioner has failed to demonstrate that he is without a State remedy. Darr v. Burford, supra note 2, applies and petitioner is required to seek certiorari in the Supreme Court of the United States before resort may be had to this Court. Nor does a review of the record disclose any special circumstances[5]

2. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Willis v. Utecht, 8 Cir., 185 F.2d 210; Application of Hodge, 9 Cir., 262 F.2d 778.

3. The cases cited by petitioner support this contention:
   Mattox v. Sacks, 369 U.S. 656, 82 S.Ct. 992, 8 L.Ed.2d 178; Massey v. Moore, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126.

4. The original applications for habeas corpus filed by petitioner in the State courts are not in the record before this Court.

5. 28 U.S.C.A. § 2254.

which would justify this Court's granting petitioner's application at the present time.

Petitioner's application for writ of habeas corpus is therefore denied.

It is so ordered.

An exception is allowed petitioner.