## UNITED STATES of America
### v.
### Pedro L. MOLINO, Defendant.

United States District Court
S. D. New York.

April 8, 1965.

Pedro L. Molino, pro se.

Robert M. Morgenthau, U. S. Atty., New York City, for the United States, R. Harcourt Dodds, Asst. U. S. Atty., of counsel.

WEINFELD, District Judge.

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate a judgment of conviction entered upon his voluntary plea of guilty to narcotics violations upon the ground that he was "addicted to drugs and therefore mentally incompetent at the time of entry of plea of guilty of such nature as to preclude comprehension of the seriousness and gravity of the crime which he,

movant, is charged, commencing prior to the commission of the offense and continuing throughout the time of entry of plea and sentence"—a period extending from November 1962 to May 1964, when sentence was imposed.

Not a single evidentiary fact is submitted to support the allegation. The bald statement that he "was addicted" and the conclusion that he was "therefore mentally incompetent," without evidential details, are insufficient to compel a hearing and to give petitioner a trip to the court house. This case does not come within the category of those where factual and corroborative material was set forth.[1] The court records show that petitioner, who was represented by counsel, intelligently answered all questions put to him by the Court. The petition is barren of any evidential matter to controvert the determination that the plea was voluntarily and understandingly made.

The motion is denied.

1. E.g., Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Machibroda v. United States, 368 U.S. 487, 494-495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Ellison v. United States, 324 F. 2d 710 (10th Cir. 1963); Catalano v. United States, 298 F.2d 616 (2d Cir. 1962). See Massey v. Moore, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135 (1954) (state prisoner).