**Donald TOZZI**
v.
**UNITED STATES of America.**
**No. 69 Civ. 1515.**

United States District Court,
S. D. New York.
July 24, 1969.

Donald Tozzi, pro se.

Robert M. Morgenthau, U. S. Atty., S. D. of New York, New York City, for the United States; James W. Brannigan, Jr., Asst. U. S. Atty., of counsel.

COOPER, District Judge.

We treat petitioner's traverse of June 4, 1969 as a motion for reargument of this Court's order of June 2, 1969, denying petitioner's motion for post-conviction relief made pursuant to 28 U.S.C. § 2255. Reargument granted. Upon consideration of petitioner's traverse, as well as the moving and answering papers herein, we adhere to our original decision.

Petitioner raises three principal contentions: (1) he was under the influence of barbiturates and mentally incompetent at the time of the commission of the crime; (2) he was beaten by F.B.I. agents and threatened and coerced into pleading guilty; (3) he was under the influence of barbiturates and amphetamines when he admitted to violating his parole.

■ Mental incompetency at the time of the crime is not properly raised by a motion pursuant to 28 U.S.C. § 2255. See, e. q., Wheeler v. United States, 340 F.2d 119, 121 (8th Cir. 1965). Moreover, that contention was waived when petitioner, in full possession of his faculties and represented by able counsel, freely, voluntarily and intelligently pleaded guilty to the crime charged.

■ Petitioner's conclusory contention that he was beaten, threatened and coerced into pleading guilty is specifically rebutted by his own testimony before Judge Weinfeld at the time of his plea and in the presence of his attorney. Further, not a single evidentiary fact is presented in support of this allegation. Cf. United States v. Molino, 240 F.Supp. 332 (S.D.N.Y.1965).

■ While petitioner does not appear to claim that he was under the influence of drugs at the time of his plea of guilty, we wish to nip that argument in the bud. As stated in the affidavit of Assistant United States Attorney James Brannigan, May 20, 1969, p. 4, and in no wise disputed by petitioner:

"Petitioner was confined in the Federal House of Detention continuously, except for court appearances, from August 3, 1968 to September 9, 1968 when he pleaded guilty before Judge Weinfeld. From the time of his arrest in New Hampshire on or before August 8, 1968 up to the time of the plea, petitioner was in a drug-free environment."

See United States v. Molino, supra.

■ Finally, we turn to petitioner's allegation that he was under the influence of drugs when, appearing with counsel, he admitted to this Court on January 30, 1969 that he had violated his parole. Even if proved, this would only establish the fact that he "illegally used narcotic drugs" (the very violation he admitted before us).

Accordingly, as the files and records of this case together with petitioner's application conclusively show that he is entitled to no relief, an evidentiary hearing is not required and motion to vacate and set-aside sentence denied.