**Richard L. MANUEL, Petitioner-Appellant,**

v.

**William D. SALISBURY, Warden, Respondent-Appellee.**

**No. 73-1229.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 10, 1973.

Decided May 17, 1974.

David P. Hiller (Court Appointed), Columbus, Ohio, for petitioner-appellant.

Thomas D. Rooney, Asst. Atty. Gen., for respondent-appellee; William J. Brown, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Southern District of Ohio, Eastern Division, denying the petition of the appellant, Richard L. Manuel, for a writ of habeas corpus. The case was previously before this Court in Manuel v. Salisbury, 446 F.2d 453 (1971).

We vacated the judgment of the District Court, granting the writ to the petitioner, and remanded the case with instructions to conduct an evidentiary hearing. The basic facts are not in dispute and are stated in our opinion. In the initial proceeding before the District Court the district judge held that there was a per se denial of due process where a lawyer who participated in the prosecution of the criminal trial was a member of the law firm whose member, other than the prosecutor, was consulted with reference to the defense of the petitioner.

We said in our opinion, p. 455,

"The short answer to this postulate is that the courts are not free to presume, without evidence to the contrary, that their officers, given opportunities to disclose their clients' confidences, so casually betray them even to members of their law firms. On the contrary, the courts must indulge every reasonable presumption that lawyers for criminal defendants will behave in a lawful, ethical manner and in good faith. The Appellee levels some strong charges and they must be supported by evidence. They do not follow logically, or reasonably, from the mere fact that the Appellee 'discussed the facts' of his case with an attorney who was in the same law firm as the attorney who prosecuted him. The more reasonable inference,

on this record, is that the apparent conflict was, if at all, an inadvertent one, and that Abrahamson made no disclosures whatsoever. We are conscious of the need to maintain public respect for law, however we are not ready to presume, as a matter of law and without clear proof to the contrary, that attorneys entrusted with their clients' secrets so casually betray them 'over lunch . . .' etc. Such a presumption would irreparably undermine public trust in the administration of justice, and, having no basis in fact, would do so unjustifiably."

On remand the district judge conducted an extensive evidentiary hearing. He found that there was an attorney-client relationship between a member of the firm of which Mr. Saeks, the prosecutor, was a member and the petitioner. He also found that the petitioner had discussed the facts of his case with Mr. Abrahamson and Mr. Arnovitz, the two partners of Mr. Saeks. While he concluded that there were numerous opportunities for the disclosure of confidential information by Mr. Abrahamson to Mr. Saeks he could not find any evidence that either partner had ever disclosed any confidential information to him. These facts are supported by the evidence. Upon these facts, in accordance with our opinion, the district judge concluded that the petition was without merit and denied it.

It is the essence of the Due Process clause of the Fourteenth Amendment to the Constitution of the United States that one on trial on a criminal charge have a fair trial.

"The requirement of the Fourteenth Amendment is for a fair trial." Massey v. Moore, 348 U.S. 105, 108, 75 S. Ct. 145, 147, 99 L.Ed. 135.

In Hendrix v. Hand, 312 F.2d 147, at pp. 148–149 (C.A.10), the Court said:

"Denial of due process in the trial of a criminal case in the state court sufficient to constitute an impingement of rights to a fair trial within the meaning of the Constitution of the United States justifying federal court interference is 'the failure to observe that fundamental fairness essential to the very concept of justice.' "

An examination of the transcript of the record of the trial in the state court indicates clearly that the petitioner had a fair trial. There is no indication of any reference to any confidential information that could have been communicated to prosecutor Saeks by a partner of his law firm. Finally, the petitioner was represented by counsel other than the member of Mr. Saeks' law firm with whom he first counselled after his arrest. The trial attorney conducted a vigorous defense and in no way can the petitioner say he was denied the effective assistance of counsel.

There is no merit to petitioner's claim that he was prejudiced by police surveillance and obstruction of defense counsel's access to a key witness. This was resolved in our opinion reported in 440 F. 2d 453, *supra*. The district judge also found in the rehearing that the petitioner failed to prove prejudice by the witness' visit to the office of Saek's law firm.

It is argued in appellant's brief, " * * * this tainted trial resulted in the imposition of a cruelly excessive sentence which will keep the petitioner in prison for the remainder of his natural life." We do not find the trial tainted as alleged, and while the sentence was a long one, it was within the limits fixed by law (Ohio Rev.Code, Section 3719.- 99(D) and (F)) and is not otherwise before us.

The judgment of the District Court on remand is affirmed.