OPINION
DOUGLAS, Judge.
This is an appeal from a conviction for felony theft. The indictment alleged two prior convictions for enhancement purposes under Article 63, Vernon’s Ann.P.C. Punishment was assessed at life.
At the punishment phase of the trial the jury returned two verdicts: one, assessing appellant’s punishment at ten (10) years; the second, finding that appellant had twice been previously convicted of felonies less than capital, as alleged in the indictment. The trial court accepted both verdicts.
In Anaya v. State, Tex.Cr.App., 507 S.W.2d 561, the jury returned two verdicts on punishment in a felony theft case: one, assessing punishment at six years; the second, finding appellant had twice been previously convicted of felonies less than capital, as alleged in the indictment. The trial court there, in accordance with the second verdict of the jury, assessed punishment at life under Article 63, supra.
The court’s charge on punishment in the instant case is almost identical to the one found in the record in Anaya. In Anaya, we relied on the following language from Beyer v. State, 172 Tex.Cr.R. 279, 356 S.W.2d 436 (1962):
“ . . . Since the court accepted verdict #1, which in effect found that appellant was not the same person who had been convicted in the prior case alleged for enhancement, this Court must accept such finding and cannot uphold the ten-year judgment imposed by the court. But it does not necessarily follow that we must reverse the conviction because we have a finding of guilt as to the primary offense plus the fixing by the jury *954 of a definite term of imprisonment. Our attention has been directed to no case directly in point. After careful consideration, we have concluded that it becomes our duty to reform the judgment to find appellant guilty of the primary offense and give application to that portion of the verdict which fixes his punishment at confinement for three years.
The record in Beyer v. State,[1] reflects that the trial court submitted and the jury answered the following verdict forms:
“(If you find the defendant guilty of theft of one cow, as charged in count one of the indictment herein, and further find that the allegations set out in paragraph three[2] of the indictment are not true, or if you have a reasonable doubt as to the truth of said allegations, then, the form of your verdict will be as follows :) (Emphasis Added)
“We, the jury, find the defendant guilty of theft of ^pne cow as charged in count one of the indictment herein, and fix his punishment at 3 years confinement in the penitentiary.
“(If you find the defendant guilty of theft of one cow, as charged in count one of the indictment herein and further find that each and all of the allegations set out in paragraph three of the indictment herein are true, then, the form of your verdict will be as follows:)
“We, the jury, find the defendant guilty of theft of one cow, as charged in count one of the indictment herein, and we further find that each and all of the allegations set out in paragraph three of the indictment herein, charging a final conviction for the offense of cattle theft, are true.”
Consequently, these two verdicts, as answered by the jury, were inconsistent with each other. In Beyer we held, in effect, that the trial court erred in accepting the second verdict and reformed the judgment and sentence so as to conform with the first verdict.
The verdicts returned in Anaya v. State, supra, were not inconsistent. Anaya was convicted in a bifurcated trial for felony theft. At the punishment phase of the trial the jury returned two verdicts: one, assessing punishment at six years; the second, finding that Anaya had been two times convicted of felonies less than capital.[3] The trial court instructed the jury to set Anaya’s punishment at not less than two nor more than ten years on the conviction for the primary offense of felony theft and also instructed them that if they found that he had been twice previously convicted of felonies less than capital as alleged in the indictment to so state in their verdict. The court also instructed the jury that if they had a reasonable doubt as to whether Anaya had twice previously been so convicted they were to “restrict” themselves to the punishment range for the offense of felony theft. Although the court instructed the jury that “there can be but one verdict returned by the jury,” they returned the following two verdicts :
“We, the jury, having found defendant guilty of Theft of Property of the Value of Fifty Dollars and Over as charged in the indictment, assess his punishment at 6 years confinement in the penitentiary.”
and
“We, the jury, having found defendant guilty of Theft of Property of the Value of Fifty Dollars and Over, as charged in the indictment, further find that he was, *955 prior to the commission of the aforesaid offense of Theft of Property of the Value of Fifty Dollars and Over, two times duly and legally convicted of a felony less than capital, as chraged in the indictment in this case.”
These two verdicts were not inconsistent. Nowhere in the court’s charge was the jury required to have a reasonable doubt as to the prior convictions before they could assess punishment on the primary offense.
In the instant case, the jury returned the following two verdicts as to punishment:
“We, the Jury, having found the defendant guilty of theft as charged in the indictment, assess his punishment at 10 years (sic) years confinement in the Texas Department of Corrections.”
and
“We, the Jury, having found defendant guilty of theft as charged in the indictment, further find that he was, prior to the commission of the aforesaid offense of theft, two times duly and legally convicted of a felony less than capital, as charged in the indictment in this case.”
There is nothing in the trial court’s charge on the two verdicts returned to indicate that the verdicts were inconsistent. In fact, here, unlike in Anaya, the trial court did not instruct the jury to return only one verdict. The jury was instructed that if they had a reasonable doubt as to the truth of the enhancement allegations they were to “restrict” their consideration to the punishment range provided for the primary offense.
Upon the jury’s finding that appellant had twice previously been convicted of felonies less than capital the law fixed appellant’s punishment at life. Haro v. State, 132 Tex.Cr.R. 507, 105 S.W.2d 1093 (1937). “The question of punishment, then, was not one for the jury. Ex parte Massey, 149 Tex.Cr.R. 172, 191 S.W.2d 877 (1946). Consequently, the jury’s assessing punishment at ten years can be disregarded. To the extent that Anaya v. State, supra, is in conflict with this opinion, it is overruled.[4]
Appellant’s first two grounds of error are as follows:
GROUND ONE:
“The action of the Court in the hearing and the presence of the Jury deprived this Appellant of a fair and impartial trial as is guaranteed by Article 1.03 of the Code of Criminal Procedure of the State of Texas.”
GROUND TWO:
“The Trial Court committed a fundamental error in refusing to dismiss the Jury for Jury misconduct in violation of Article 36.22 of the Texas Code of Criminal Procedure.”
Both grounds relate to the fact that the trial court failed to declare a mistrial when it was discovered that a juror, Silver Ramzy, had a conversation with one of the State’s principal witnesses, Elbert Bolton, at a recess during the trial.
Article 36.22, V.A.C.C.P., provides:
“No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.”
Ramzy testified that the conversation had nothing to do with the facts of the instant case. Ramzy had known Bolton for several years but he testified that such fact would not influence him one way or another. No harm has been shown. See Mal *956 donado v. State, 507 S.W.2d 206 (Tex.Cr. App., 1974), and cases cited therein.
Appellant was sentenced on April 27, 1973. On May 2, 1973, appellant was again called into court where this sentence was cumulated with appellant’s previous ten-year sentence for assault with intent to commit murder in cause number 6851. Appellant contends that this cumulation order is invalid. We agree.
In Ex parte Reynolds, Tex.Cr.App., 462 S.W.2d 605 (1970), citing many cases, we held that where a defendant had remained in jail several days under a sentence the court could not, even at the same term of court, vacate sentence and impose a different one. In Reynolds we held invalid a cu-mulation order similar to the one in this case. Consequently, the cumulation order of May 2, 1973, is hereby set aside.
The judgment with the cumulation of the sentence set aside is affirmed.

. Beyer was tried before the bifurcated trial became effective under Article S7.07, Vernon’s Ann.O.C.P. (1965).

. Paragraph three of the indictment alleged a prior conviction for cattle theft for enhancement purposes.

.The indictment in Anaya alleged two prior convictions for enhancement under Article 63, V.A.P.C.

. This problem could be avoided if the trial courts would accept only one verdict.