# Asahel Gallaway v. Harvey W. Burr and another.

*Malicious prosecution: Probable cause: · Evidence.* The true inquiry upon the subject of probable cause in an action for malicious prosecution is, not what the actual facts were as to the guilt or innocence of the plaintiff, but what the defendants had reason to believe and did believe they were.

*Criminal complaints: ` Probable cause: Information and belief: Personal knowledge.* Parties in making criminal complaints have a right to act upon facts and circumstances brought to their knowledge through the usual and ordinary business channels, if they believe them to be true, and if the information be of such a character and come from such sources that business men generally, of ordinary care, prudence and discretion, would act upon it under similar circumstances, believing it to be true; and they are not required to be able from personal knowledge to make out a *prima facie* case in all its parts, before they can safely make complaint.

*Probable cause: Facts communicated by counsel: Evidence.* Facts which come to the knowledge of defendants' counsel while investigating the alleged offense, and which were communicated to them before they caused the arrest, may be given in evidence on the question of probable cause.

*Requests to charge: Pertinency: Error will not be presumed.* The refusal of a request to charge, that facts known to such counsel, but not communicated to defendants, would afford them no protection, is not error where it is not made to appear by the record that any such facts were known and not communicated, so as to make such a charge pertinent. Error will not be presumed.

*Criminal prosecution: Collection of debts: Malice: Advice of counsel.* The commencement of a criminal prosecution for the purpose of collecting a private claim is an abuse of the process of the courts and cannot be justified. It would be strong, if not conclusive evidence of malice; and advice of counsel under such circumstances would be no protection.

*Criminal prosecution: Advice of counsel: Charge to the jury: Special finding: Error cured.* The error committed in the refusal of a charge that advice of counsel would be no defense if the criminal prosecution was commenced by defendants to collect their debt, is held cured where the jury, in answer to a special question, expressly find that the criminal prosecution was not commenced for that purpose.

*Heard June 17. Decided October 5.* ·

Error to Superior Court of Detroit. ·

*D. B. & H. M. Duffield,* for plaintiff in error.

*A. B. Maynard* and *E. W. Meddaugh,* for defendants in error.

GALLAWAY *v.* BURR.

MARSTON, J :

Gallaway sued Burr and Leonard for malicious prosecution in having him arrested upon a charge of obtaining goods by false pretenses, from which he was discharged by the examining magistrate upon securing the debt, no one appearing against him.

Most of the questions raised in this case relate to the admissibility of testimony for the purpose of showing probable cause for the arrest of Gallaway by the defendants.

The true inquiry, in cases like the present, is, not what the actual facts were, whether they were such in fact as would authorize the arrest and committal of Gallaway for trial, but what the defendants had reason to believe and did believe they were. Such being the law, it is not necessary that the defendants should have actual personal knowledge of the facts upon which they acted. They could act upon facts and circumstances brought to their knowledge through the usual and ordinary business channels. They must, however, honestly believe the information thus obtained to be true, and the information must be of that character, and obtained from such sources, that business men generally, of ordinary care, prudence and discretion, would act upon it under similar circumstances, believing it to be reliable.

To hold otherwise would be to require a complaining witness in criminal cases to have such a knowledge of all the facts as would enable him upon the examination to give evidence sufficient to make out a *prima facie* case in all its parts. This could not often be done. He must rely upon others to establish a part of the case, and if they fail to come up to what was expected of them, and honestly relied upon, the complainant cannot thereby be said to have acted maliciously in making the complaint and causing the arrest. Besides, in a case like the present, to have required the defendants upon the examination to show, of their own knowledge, that the representations upon which Gallaway

obtained the goods were false, would be to throw upon them a burden not easily borne, and which practically could not be carried out. It would be to require the merchant who has sold goods relying upon representations made to him, to travel in many cases all over the country, make personal examinations of records, and gather information from every quarter, in order to enable him to make the necessary complaint and be safe in case of a failure to show probable cause. And, even did he take all this trouble, it would still be a matter of grave doubt whether much of the information obtained by him would not be mere hearsay.

Plaintiff's counsel requested the court to charge the jury, "that the defendants cannot be protected against this action by the advice of Davison, in any way founded upon his own personal knowledge, but the only advice upon which they can shield themselves is that which was given in response to their 'statement.'" This was refused. If by this request it was meant and intended to exclude facts known to the counsel, and by him communicated to the defendants, then it was properly refused. Facts communicated by counsel would come within the rule we have already laid down. If, however, facts known to counsel and not communicated to defendants were intended, still it was properly refused for the reason that it does not appear that any such facts were known to counsel and not communicated. If the record was silent upon this point, we must presume that all facts were communicated, as error must be made to appear affirmatively. The record, however, sets forth, "that after all these facts had come to the knowledge of defendants, and after the plaintiff had been to Detroit and admitted the falsity of his previous statement to Davison, and to Burr, one of the defendants, and after a full and careful statement of all these facts to their attorney, D. J. Davison, and after being advised by said Davison, after said statement made, that the plaintiff had been guilty of a criminal offense, and relying upon and believing said Davison's

advice to be true, they made the complaint." This, we think, sufficiently shows that the court committed no error in refusing to charge as requested.

The court was asked to charge that if the criminal prosecution was commenced by defendants to collect their debt, then the advice of counsel was no sufficient defense to this action. Several requests to charge were made, dependent upon the jury finding that the prosecution was commenced for the purpose of collecting the debt, and all were refused. We are all of opinion that where a criminal prosecution is commenced for the purpose of collecting a private claim, such fact would be very strong, if not conclusive evidence of malice, and that advice of counsel under such circumstances would be no protection. The commencement of a criminal action for such a purpose is an abuse of the process of the courts, and cannot be justified.—*Seiber v. Price, 26 Mich., 518.*

The plaintiff in this case submitted to the jury certain questions in writing, for their answer. The first was as follows: "Did the defendants commence the criminal prosecution for the purpose of collecting the debt out of Gallaway?" The answer was "No." We think this cured the error committed in refusing to charge as requested. The refusal to charge could in no way influence or affect the jury in this finding, and did not, therefore, prejudice or injure the plaintiff in any way. At the time this request was made and refused the evidence was all in, so that the plaintiff, in consequence of this refusal, was not prevented from introducing evidence which he otherwise might have, or from presenting his case fully in all other respects. Had the court ruled out certain evidence upon the trial, otherwise competent, upon the assumption that the jury would have so found, we are not prepared to say that the finding would have cured the error, as such a ruling might prevent the plaintiff from introducing testimony which, although not going directly to the question found, yet might have a very

important bearing upon that, as well as the other questions in the case.

The jury in this case, in answer to special questions, found all the facts in favor of the defendants.

There being no error to the plaintiff's prejudice, the judgment must be affirmed, with costs.

The other Justices concurred.