PEOPLE v. COATES.

1. CRIMINAL LAW—APPOINTMENT OF COUNSEL—MENTAL INCOMPETENCY—DUE PROCESS.

The refusal to appoint counsel for an individual charged with crime is a denial of due process of law, where the person, by reason of mental incapacity, is incapable of representing himself in court (US Const, Am 14).

2. SAME—NEW TRIAL—APPOINTMENT OF COUNSEL—MENTAL INCOMPETENCY.

A new trial is granted defendant who had pleaded guilty to charges of robbery armed and of rape and sentenced to life imprisonment, where record on second motion for new trial shows defendant was denied representation by counsel and was of low mentality, if not mentally ill, at time the respective informations were read against him.

Appeal from Genesee; Roth (Stephen J.), J. Submitted January 17, 1957. (Docket No. 84, Calendar No. 46,783.) Decided February 28, 1957.

Irving Coates pleaded guilty to robbery armed and rape. Motions for new trial made and denied. Defendant appeals. Reversed and remanded.

*Thomas M. Kavanagh,* Attorney General, *Edmund Shepherd,* Solicitor General, *Jerome F. O'Rourke,*

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 14 Am Jur, Criminal Law § 167 *et seq.*

Prosecuting Attorney, and *Richard R. Lovinger,* Assistant Prosecuting Attorney, for the people.

*Klein & Rosenberg,* for defendant.

BLACK, J. We have before us defendant Coates' second motion for new trial. Coates' first motion for new trial,* filed in 1947, was denied in *People* v. *Coates,* 337 Mich 56, wherein essential background will be found. By concession of the attorney general and record support thereof, we find that the reviewable question, submitted on present appeal from order denying the second motion, was neither presented nor considered when we wrote in 1953.

As noted in *People* v. *Coates, supra,* Coates pleaded guilty in 1929 to the crime of robbery armed and the crime of rape. He was sentenced to life imprisonment on each information as read against him. It is said now, by this latest motion, that due process was denied him upon arraignment in that he then and there "was a feeble-minded individual who was wholly incapable of contending with the traumatic (*sic*) situation in which he was involved." On that premise his counsel asserted below and asserts here that failure of the circuit judge to appoint counsel prior to sentence defeated a right guaranteed Coates by the Fourteenth Amendment. That a Federal question is involved thus becomes evident.

Considering that which was laid down for our guidance in *Powell* v. *Alabama,* 287 US 45 (53 S Ct 55, 77 L ed 158, 84 ALR 527); *Wade* v. *Mayo,* 334 US 672 (68 S Ct 1270, 92 L ed 1647); *Massey* v. *Moore,* 348 US 105 (75 S Ct 145, 99 L ed 135); and now *Fikes* v. *Alabama,* 352 US 191 (77 S Ct 281, 1 L ed2d 246), the circuit court's denial of this second motion for new

* The first motion for new trial consisted actually of 2 identical and separate motions addressed respectively to each information. We refer in this opinion to both in collective sense.

trial must be reversed by test given in *Wade, supra,* quoted as follows (p 684 of report):

"There are some individuals who, by reason of age, ignorance or mental capacity, are incapable of representing themselves adequately in a prosecution of a relatively simple nature. This incapacity is purely personal and can be determined only by an examination and observation of the individual. Where such incapacity is present, the refusal to appoint counsel is a denial of due process of law under the Fourteenth Amendment."

Turning now to the record: It is replete with testimony and psychiatric reports furnishing support of conclusion that Coates was and is a "borderline mental defective;" a "feeble-minded Negro;" a man "of inferior intellectual ability," and that his mental condition was such that he "could not understand the making of a plea, or know the consequence thereof." Further, and aside from such testimony and reports, the unamended pleadings are controlling. Under *Massey* v. *Moore, supra,* we must, as presently shown, take as true Coates' allegation of mental incapacity at time of arraignment.

The attorney general filed an answer, in the court below, to this second motion for new trial. In such answer he unequivocally admitted the material allegations of Coates' motion. His pleading concludes this way, under the heading "Affirmative Answer":

"Laying aside any consideration of the years defendant has already spent in prison, and also the question of his guilt or innocence, it appears to the people, speaking through the attorney general, that a manifest injustice has been done in the fact that the due process clause of the Fourteenth Amendment to the Federal Constitution was flaunted and violated during the proceedings had on the night of February 26, 1929, and that this defendant by reason thereof, is clearly entitled to a new trial.

"In urging a new trial at this time, the people are deeply mindful of the fact that the Michigan Supreme Court never had before it the question of defendant's feeble-minded condition at the time of the proceedings had in this court on February 26, 1929, nor his general feeble-minded condition, which has been with him all during his lifetime. Had this question been before the Supreme Court, with the testimony now before this court, the result of his appeal in that Court could conceivably have been far different."

We are obliged on this record to say, as the court did in *Fikes* v. *Alabama, supra,* that "Here the prisoner was an uneducated Negro, certainly of low mentality, if not mentally ill." We are also obliged to say that Coates was entitled to the right of proper representation by counsel when the respective informations were read against him. Such right was denied. Nothing further need be said.

It is noted, in fairness to the trial judge, that the mentioned answer of the attorney general was not filed until after the second motion for new trial had been taken under advisement on April 25, 1955. The answer may not have been called to the judge's attention since no mention thereof is made in his opinion. Undoubtedly, and if aware of the attorney general's formal confession that a Constitutional right had been denied, the trial judge would have recorded his views.

Reversed and remanded for entry of order granting motion for new trial.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.