PEOPLE v. STINSON.

1. Criminal Law—Trial—Prejudice—Admonition—Adjournment.
   Claim that trial court committed prejudicial error by admonishing defendant that prospective jurors were present as defendant sought court's attention to request adjournment, *held*, without merit, where purpose of remarks was to safeguard defendant, not prejudice him, and whose intended statements the court could not anticipate.

2. Same—Evidence—Discretion of Court—Cross-Examination.
   Limitation of cross-examination of witness by prohibiting continued submission of same question which witness previously answered for counsel several times *held*, not reversible error.

3. Same—Cross-Examination.
   Claim that trial court committed prejudicial error by improperly limiting defense counsel's cross-examination of witness, *held*,

References for Points in Headnotes
[1] 53 Am Jur, Trial § 74.
[2, 3] 53 Am Jur, Trial § 75; 58 Am Jur, Witnesses § 620 *et seq.*
[4] 53 Am Jur, Trial § 547 *et seq.*
[5] 53 Am Jur, Trial § 824 *et seq.*
[6, 7] 5 Am Jur 2d, Appeal and Error § 726.
[8, 9, 12, 13] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
[10, 11] 21 Am Jur 2d, Criminal Law § 316.

without merit, where trial court merely prohibited the asking of same questions previously asked by defense counsel and answered several times by witness.

4. SAME—INSTRUCTIONS.

Use of name of complaining witness during charge to jury in criminal case in example explaining an element of offense charged, *held,* not reversible error, although better practice would have been to use fictional name.

5. SAME—INSTRUCTIONS—FAILURE TO OBJECT.

Claim that trial court committed reversible error in using name of complaining witness in example given during instructions to explain 1 element of criminal offense charged, *held,* without merit and tardy, where no objection was made thereto and trial counsel expressed satisfaction with charge.

6. SAME—QUESTIONS REVIEWABLE—PRELIMINARY EXAMINATION.

Court of Appeals will not consider issues concerning validity of preliminary examination, where such issue was not raised at the trial.

7. SAME—PRELIMINARY EXAMINATION.

Claim that evidence at preliminary examination was insufficient to show crime committed and probable cause that defendant committed it is not considered by Court of Appeals, where not raised as issue in trial court.

8. SAME — CONSTITUTIONAL LAW — ASSISTANCE OF COUNSEL — DUE PROCESS

Right to assistance of counsel is guaranteed every criminal defendant by both the Constitution of this State and of the United States (U. S. Const, Am 6; Mich Const 1963, art 1, § 20).

9. SAME—CONSTITUTIONAL LAW—ASSISTANCE OF COUNSEL.

Constitutionally guaranteed right to assistance of counsel requires that every criminal defendant be given reasonable opportunity to obtain counsel of his own choosing (US Const, Am 6; Mich Const 1963, art 1, § 20).

10. SAME—WAIVER OF RIGHT TO COUNSEL.

A criminal defendant may waive right to counsel of his own choosing by taking advantage of services of appointed counsel (US Const, Am 6; Mich Const 1963, art 1, § 20).

11. SAME—REQUEST FOR CONTINUANCE—RIGHT TO COUNSEL—DUE PROCESS.

Denial by court of request for trial continuance to enable criminal defendant to obtain counsel of own choosing may constitute denial of due process (US Const, Am 6; Mich Const 1963, art 1, § 20).

12. SAME — DISCRETION OF COURT — CONTINUANCE — ASSISTANCE OF COUNSEL.

Denial of request for continuance of criminal trial to allow defendant to obtain counsel of own choosing *held*, neither an abuse of discretion nor a denial of constitutional rights where defendant has made no effort to obtain such counsel after ample opportunity to do so (US Const, Am 6; Mich Const 1963, art 1, § 20).

13. SAME — CONTINUANCE — DISCRETION OF COURT — ASSISTANCE OF COUNSEL.

Claim that trial court committed abuse of discretion and violated defendant's constitutional right to assistance of counsel of his own choosing by denying request for continuance to obtain such counsel, *held*, without merit, where defendant was represented by appointed counsel, trial had been previously adjourned three times, defendant had over three months to obtain such counsel but made no effort to do so, request was not made until date of trial, no showing was made that defendant had been hampered from seeking such counsel, and request indicated only hope that mother would provide counsel, since adjournment would seriously undermine administration of justice with no commensurate benefits to defendant to mitigate burden (US Const, Am 6; Mich Const 1963, art 1, § 20).

Appeal from Recorder's Court; Koscinski (Arthur J.), J.   Submitted Division 1 February 7, 1967, at Lansing.   (Docket No. 1,475.)   Decided May 9, 1967.   Leave to appeal denied October 19, 1967.   See 379 Mich 785.

Clyde Stinson was convicted of uttering and publishing a check.   Defendant appeals.   Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Samuel H. Olsen*,

Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Thomas P. Smith,* Assistant
Prosecuting Attorney, for the people.

*J. Leonard Hyman (Stanley M. Weingarden,* of
counsel), for defendant.

LESINSKI, C. J.    The defendant appeals from a
judgment entered on a jury verdict of guilty of
the offense charged: uttering and publishing.[1]

The record reveals that the defendant was ar-
raigned on a complaint and warrant on July 6,
1965. Without benefit of counsel, he demanded pre-
liminary examination. On July 21, 1965, he was
arraigned on the information and a plea of not
guilty was entered by the court. On August 12,
1965, trial was adjourned to September 9, 1965.
The August 12th date is the first notation on the
record of the defendant's representation by counsel
(court-appointed). Pursuant to defense counsel's
motion to set aside waiver of examination, exam-
ination was, on August 30, 1965, set for September
9, 1965, and held on said date. On September 24,
1965, defendant was arraigned on the information.
Trial began on October 12, 1965.

The defendant raises three issues on appeal.
The first asserts that the trial court committed
reversible error in its refusal to permit an ad-
journment sought by defendant just prior to the
commencement of trial, for the purpose of retain-
ing counsel of his own—or more accurately, his
mother's—choosing.

The second issue questions the sufficiency of
evidence at the preliminary examination to show
that the offense charged had been committed, and
that there was probable cause to believe that the

---

[1] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

defendant committed it. Within the context of
this issue, the defendant also contends that the
court committed reversible error in its conduct of
the preliminary examination.

In his brief defendant poses as a third issue that
certain remarks of the trial judge in front of the
jury were prejudicial and ground for reversal here.

The last-mentioned issue is without merit. The
remarks complained of, taken out of context and
given inferences by appellate argument, cannot be
said to have been prejudicial in the framework in
which they were made.

At the beginning of trial, defendant sought to
get the court's attention in order to request the
postponement of trial mentioned above. The court
admonished the defendant that prospective jurors
were present before allowing the defendant to pro-
ceed. There was nothing improper in so doing.
The court was not clairvoyant and could not antic-
ipate the tenor of defendant's remarks. The warn-
ing was properly made to safeguard, not to prej-
udice, defendant.

It is further apparent from a reading of the
transcript as a whole that the court did not commit
reversible error when it refused to allow the de-
fense counsel to continue to ask the same question
of the people's witness on cross-examination which
he had answered several times for defense counsel.

Defendant also contends that the trial judge
prejudiced him by certain remarks during the
course of the charge to the jury. The court used
the name of the complaining witness in an example
given to the jury to explain that knowledge that
an instrument is false is one of four elements
which must be shown in the offense of uttering
and publishing. Although it might have been pref-
erable for the court to employ a totally fictional

appellation in his analogy, we cannot say under the facts of this case that the use of "Mr. Seidman" rather than "Mr. X" was prejudicial error.

And finally, we note that no objection was made by defense counsel at trial to any of the above-discussed remarks. In fact, defense counsel, on the record, expressed satisfaction with the charge at its conclusion, which makes the raising of objection thereto tardy as well.

The second issue concerning the validity of the preliminary examination was not raised at trial and cannot be raised here. *People* v. *Willis* (1965), 1 Mich App 428.

The first issue raised by the defendant cannot be so summarily dismissed on appeal. Here defendant argues that the court committed prejudicial error in refusing to allow the defendant to retain counsel of his own choosing in derogation of said defendant's constitutional rights.

As was noted above, the defendant was arraigned on a complaint and warrant on July 6, 1965, and the date of the trial was October 12, 1965. On the latter day, defendant stated that he had asked court-appointed counsel "to come out and ask for a postponement for a week until next week until I can see my people Friday to get me a lawyer." The court's grounds for denial of this request were that the defendant had been arraigned three months before; that he had had three months to get an attorney, and that this was the third trial date set. The preliminary examination was held September 9, 1965, and the arraignment on the information September 24, 1965. Eighteen days elapsed between this last date and the trial. Defendant stated that he had been unable to see his "people in two weeks, over in the county jail."

The right to assistance of counsel is guaranteed each defendant in both the Constitution of the State

of Michigan[2] and the Constitution of the United States.[3] This guarantee affords a defendant a reasonable opportunity to obtain counsel of his own choosing. See *Powell* v. *Alabama* (1932), 287 US 45 (53 S Ct 55, 77 L ed 158). A defendant may, however, effectively waive this right by taking advantage of appointed counsel's services.

While reaffirming every defendant's right to counsel, we cannot find that this right has been denied the defendant before us. Defendant had three months in which to retain counsel. There is no showing that he had attempted to avail himself of this opportunity. The defendant, at the time of trial, sought adjournment to allow his mother time to hire an attorney. There was no showing at any time that his mother was prepared to do so, or that she had, in fact, hired an attorney. No attorney (other than his court-appointed attorney) communicated with the court in any manner to convey to the court that he was ready to undertake the defendant's cause. No other attorney's name was ever mentioned. The defendant said he was unable to see his people as he was in jail for two weeks. However, there is no showing that he attempted in any way to communicate with them or with the court, or that "seeing his people" would have produced the result of retained counsel in his behalf. Further, there was no showing that his family was barred from seeing him.

The cases cited by defendant are factually distinguishable from the instant case. We note two of them.

In *People* v. *Cohen* (1949), 402 Ill 574 (85 NE2d 19), there was a motion for substitution of counsel

---

[2] Const 1963, art 1, § 20. It is noteworthy that the language of another provision also guarantees him the right to conduct his own defense. See Const 1963, art 1, § 13.

[3] US Const, Am 6.

by the prospective retained counsel. No such motion is a part of this record.

In *United States* v. *Johnston, III* (CA 6, 1963), 318 F2d 288, defendant's retained counsel told one of the defendants (Balk) on a Friday that he would be unable to represent him at the trial which was scheduled to begin on the following Tuesday, and that his associate would represent Balk. On Monday Balk informed his counsel that the substitute was unsatisfactory. The next day the trial court refused the defendant's request for additional time. The court of appeals for the sixth circuit reversed, on the basis that the defendant was deprived of a fair opportunity and a reasonable time to select his own counsel.

The length of time which Balk had in *United States* v. *Johnston, III, supra,* in which to obtain counsel which he would consider a satisfactory substitute, is in sharp contrast to the time element here before us. It is interesting to note in passing that in *United States* v. *Rundle* (ED Pa 1964), 230 F Supp 323, aff'd (CA 3, 1965), 341 F2d 303, the Federal court denied a writ of habeas corpus sought where the State court had denied a continuance because the defendant had more than three months in which to obtain an attorney, was not handicapped in communicating with any attorney he desired, and the case had been continued several times. The court held that there was no abuse of discretion in requiring the case to proceed without counsel to represent defendant. The *Rundle* trial court cited *United States* v. *Johnston, III, supra,* saying at p 327:

"Consequently the denial by a court of a trial continuance in order to give the defendant sufficient time to engage an attorney will in appropriate circumstances constitute a denial of due process."

We would agree. The crucial prepositional phrase "in appropriate circumstances" is not fulfilled by the circumstances before us. To permit adjournment on these facts would seriously undermine the administration of justice in a metropolitan area, with no commensurate benefit to defendants to mitigate the burden.

There was neither a denial of defendant's constitutional rights nor a judicial abuse of discretion. Affirmed.

Burns and Quinn, JJ., concurred.