PEOPLE *v.* CLARK.

1. CRIMINAL LAW—CONTINUANCE—DISCRETION OF COURT.
    A continuance in a criminal case is a matter of discretion with the trial court and an appellate court will not interfere unless there has been apparent or proof of at least probable prejudice to defendant (CL 1948, § 768.2).

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Continuance §§ 3, 4.
[2] 17 Am Jur 2d, Continuance § 37.
    Right to continuance because counsel is in attendance at another court. 112 ALR 593.
[3] 21 Am Jur 2d, Criminal Law § 309.

2. SAME—CONTINUANCE—DUE PROCESS.

    Denial by court of request for continuance of trial to enable criminal defendant counsel to conduct another case *held,* neither an abuse of discretion nor a denial of constitutional rights where defendant had 2-1/2 months to retain counsel, did not do so until the day of trial, and made no effort to obtain an adjournment before the day of trial.

3. SAME—RIGHT TO COUNSEL.

    The right to counsel must be exercised by a defendant within the framework of the judicial process and cannot be used as a device to delay trial.

Appeal from Recorder's Court of Detroit; Wood (Andrew C.), J. Submitted Division 1 October 5, 1967, at Detroit. (Docket No. 2,326.) Decided March 20, 1968.

Elbert Clark was convicted of driving a motor vehicle without a driver's license in his possession. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Tauber & Garon,* for defendant on appeal.

LESINSKI, C. J. The defendant, Elbert Clark, appeals from his conviction and sentence on a charge of driving a motor vehicle without a driver's license in his possession.[1]

The defendant was arrested and arraigned on January 31, 1966, and trial was set for April 20, 1966. The attorney whom defendant asked to represent him, Edward L. Douglas, filed an appearance

---

[1] CLS 1961, § 257.311 (Stat Ann 1960 Rev § 9.2011).

dated April 20, 1966. According to the record, counsel was unable to appear on April 20, 1966, the day of trial, because of his attendance in another court. In his stead, retained counsel sent an associate to appear for the purpose of requesting an adjournment. The request for adjournment was denied, trial proceeded as scheduled, and the defendant was convicted as charged.

The defendant presents the following as his sole question on appeal: Was he denied his constitutional rights when the lower court refused to grant his attorney an adjournment and required the defendant to proceed without counsel?

In *People* v. *O'Leary* (1967), 6 Mich App 115, 122, this Court summarized the current law[2] in this State relative to continuances, quoting from *People* v. *Raider* (1931), 256 Mich 131, 134, where the Court stated:

" 'Continuance was within the sound discretion of the court. The burden is on the party claiming abuse of discretion to show it. Prejudice to defendant must be apparent or proved to have been at least probable.' "

See, also, *People* v. *Knox* (1961), 364 Mich 620.

In *People* v. *Stinson* (1967), 6 Mich App 648, this Court stated that the denial of a continuance in order to give the defendant sufficient time to engage an attorney "will in appropriate circumstances" constitute a denial of due process. In that case this Court, in affirming the defendant's conviction, stated that there had been no denial of the defendant's constitutional rights nor abuse of discretion by the trial court since the defendant had made no effort to obtain counsel after months of opportunity to do so.

---

[2] CL 1948, § 768.2 (Stat Ann 1954 Rev § 28.1025).

In this case defendant did not retain counsel until the day of trial, some 2–1/2 months after the trial date was set. The record on appeal does not disclose any effort on the part of the defendant to obtain an adjournment prior to the day the case was called for trial. At the trial, defendant stated he had not retained an attorney earlier because he did not have the money.

While the appellate courts of this land zealously guard the rights of defendants to counsel, they equally concern themselves with the need to dispose of litigation with proper diligence to avoid a breakdown of the judicial process which is threatened by long delays. Where, as here, the defendant fails to request an adjournment prior to the day of trial, particularly when he had some 2–1/2 months to obtain counsel, it is not an abuse of discretion on the part of the trial judge to deny an adjournment.

Although in the instant case the witness was a police officer, who from time to time may be scheduled to appear in court, we cannot lose sight of the fact that under these circumstances an adjournment would be an unwarranted imposition upon his time as an individual and as one assigned to police work in the community. The situation only becomes more aggravated when witnesses are private persons.

Defendant on appeal relies on *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L ed 2d 799, 93 ALR 2d 733), and *People* v. *Coates* (1957), 347 Mich 626, which deal with the question of right to counsel. The cases cited, while they stand for the point that defendant is entitled to counsel, do not deal with the question before us which was defendant's right to an adjournment.

The right to counsel must be exercised by a defendant within the framework of the judicial process and cannot be employed as a device to prevent bringing a defendant to justice.

The defendant has failed to establish an abuse of discretion on the part of the trial judge in denying the motion for an adjournment.

The conviction is affirmed.

J. H. GILLIS and T. G. KAVANAGH, JJ., concurred.