PEOPLE v. HEARD

1. CRIMINAL LAW—DUE PROCESS—WARRANT—PROBABLE CAUSE.
   Due process requires that a warrant be issued upon probable cause.

2. CRIMINAL LAW—WARRANT—MAGISTRATES—JURISDICTION.
   A complaining witness need not personally view a suspect before an examining magistrate has jurisdiction to issue a warrant for the arrest of that suspect (MCLA §§ 766.2, 766.3).

3. APPEAL AND ERROR—EVIDENCE—JURY—VERDICT.
   An appellate court is not a reviewing jury but instead examines the record on appeal and ascertains if the jury's determination is supported by credible evidence.

4. EXTORTION—EVIDENCE—SUFFICIENCY.
   Evidence, most of it circumstantial, was sufficient to support a jury verdict finding defendant guilty of extortion where police observed him making a telephone call simultaneously with a telephone call which complainant received from an extortionist, saw him retrieve the money which complainant had deposited at a spot designated by the extortionist, and apprehended the defendant after he picked up the money (MCLA § 750.213).

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 October 9, 1969, at Detroit. (Docket No. 4,510.) Decided October 27, 1969.

James Heard was convicted by a jury of extortion. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Criminal Law § 13.
[3, 4] 5 Am Jur 2d, Appeal and Error § 882.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Harold Martin Ryan,* for defendant.

Before: Fitzgerald, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. Defendant appeals his conviction of extortion, CL 1948, § 750.213 (Stat Ann 1962 Rev § 28.410). The facts show that the complainant received several phone calls from an unknown person threatening her life if the sum of $9,000 were not paid to him. The Harper Woods police department was contacted and officers from there were present at the complainant's apartment on the proposed payoff day. The extortionist directed the complainant to drop off the money at a designated point. While she delayed her rendezvous, the police were dispatched to the scene to observe the events. The complainant received a phone call from the extortionist which was simultaneous with the observance of defendant's making a phone call.

After the complainant deposited the money at the designated spot, defendant was observed retrieving the bag in which it was contained. Defendant was apprehended after a high-speed chase and claimed that he was hired to pick up narcotics.

Defendant, on appeal, asserts a lengthy list of errors, a majority of which can be disposed of summarily. It is one of the defendant's assertions that since the complaining witness had not personally seen him, the examining magistrate did not have jurisdiction to issue a warrant. Due process re-

quires that a warrant be issued upon probable cause, and we find no abuse of this discretion. *People v. Dellabonda* (1933), 265 Mich 486. In addition, the complaining witness need not personally view the defendant in order for a warrant to be issued.[1] *People v. Mosley* (1953), 338 Mich 559; *Gallaway v. Burr* (1875), 32 Mich 332.

Defendant also alleges that MCLA § 764.1 (Stat Ann 1954 Rev § 28.860)[2] is constitutionally infirm and is improper in its present application. The Court does not find that defendant has raised a meritorious issue. See *People v. Carter* (1967), 379 Mich 24.

It is argued by defendant that there was insufficient evidence to sustain the verdict. This Court notes that the function of an appellate court is not to be a reviewing jury, but to examine the record on appeal and ascertain if the jury's determination is supported by credible evidence. *People v. Thomas* (1967), 7 Mich App 103. We find that there was sufficient evidence, most of which was circumstantial, supporting the jury verdict.

The defendant asserts that the jury instructions were erroneous in citing the aiding and abetting statute (MCLA § 767.39 [Stat Ann § 28.979]), and in the charge concerning circumstantial evidence. This Court concludes that there is no reversible error in these claims.

Affirmed.

---

[1] MCLA §§ 766.2, 766.3 (Stat Ann 1954 Rev §§ 28.920, 28.921).
[2] The Arrest Statute.