PEOPLE v. MAYS

ROBBERY—ARMED ROBBERY—EVIDENCE—SUFFICIENCY.

> Evidence was sufficient to support a jury verdict of guilty of armed robbery where the record showed that defendant, while armed, robbed the three complaining witnesses, that when he was apprehended he was wearing a watch owned by one of the victims, and that the remainder of the victims' belongings was found in defendant's automobile (MCLA § 750.529).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 October 7, 1969, at Grand Rapids. (Docket No. 7,354.) Decided October 28, 1969.

Jackie Mays was convicted by a jury of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and T. M. BURNS, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur, Robbery §§ 50–54.

PER CURIAM. This case is submitted on the people's motion to affirm. Defendant was convicted by a jury of the crime of armed robbery in violation of MCLA § 750.529 (Stat Ann 1968 Cum Supp § 28.797) and was sentenced to serve 8 to 25 years in prison. On appeal, defendant contends that there was insufficient evidence to support the jury verdict of guilty.

Notwithstanding defendant's claims that he did not intend to deprive the complaining witnesses of their property permanently, a review of the transcript reveals there was sufficient evidence introduced which, if believed, would support the jury's findings. The record discloses that defendant, while armed, robbed the three complaining witnesses. Also, there was introduced testimony that defendant, when apprehended, was wearing a watch owned by one of the victims and that the remainder of the victims' belongings was found in defendant's automobile. Based upon this record, there was ample evidence to support a finding of intent to deprive the victims of their belongings, notwithstanding defendant's testimony. The credibility of the witnesses was within the province of the jury; there being credible evidence to support the jury's findings, the verdict will not be upset. *People* v. *Loudenslager* (1950), 327 Mich 718; *People* v. *Arither Thomas* (1967), 7 Mich App 103.

The motion to affirm is granted.