PEOPLE v. MILLER

1. ATTORNEY AND CLIENT—CRIMINAL LAW—APPOINTED COUNSEL—
   DISMISSAL.
   Trial court properly denied a defendant's request to dismiss his
   appointed counsel, where defendant failed to avail himself of
   the opportunity to obtain retained counsel.

2. TRIAL—JUDGES—DISQUALIFICATION—SUA SPONTE.
   Trial judge, sitting as the trier of fact, was not required to
   disqualify himself sua sponte after indicating his disbelief in
   defendant's claims that his appointed counsel should be dis-
   missed for ineffectiveness where defendant failed to request
   the judge to disqualify himself and the record reflected de-
   fendant's desire for the trial judge to hear his case.

3. CRIMINAL LAW — TRIAL — MISTRIAL — WITNESSES — ACCOM-
   PLICE — STATEMENTS.
   Trial court failure to declare sua sponte a mistrial when a wit-
   ness testified to overhearing certain statements of defendant's
   accomplice implicating defendant was not error where an ex-
   amination of the transcript revealed that this testimony was
   stricken from the record in response to defendant's objection
   and that even if the testimony had remained, its admission
   would have been harmless error since there was overwhelming
   evidence of defendant's guilt.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 Decem-
ber 30, 1969, at Lansing. (Docket No. 5,852.) De-
cided January 26, 1970. Leave to appeal denied
August 25, 1970. 383 Mich 822.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 319, 321.
  Right of defendant in criminal case to discharge of, or substitu-
  tion of other counsel for, attorney appointed by court. 157
  ALR 1225.
[2, 3] 46 Am Jur 2d, Judges § 199.

Craig Miller was convicted in a bench trial of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defender's Office-Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: DANHOF, P. J., and MCGREGOR and QUINN, JJ.

PER CURIAM. This case is submitted on the people's motion to dismiss or affirm, properly a motion to affirm under GCR 1963, 817.5(3).

Defendant was tried and convicted of breaking and entering (MCLA § 750.110 [Stat Ann 1968 Cum Supp § 28.305]) by Recorder's Judge George W. Crockett, Jr., sitting without a jury, and was sentenced to serve 6 to 15 years in prison. On appeal, defendant raises three claims of error.

First, defendant claims the court erred in denying his request to dismiss his appointed counsel without ordering, *sua sponte,* a separate hearing into the effectiveness of counsel. While defendant may have been dissatisfied with his appointed counsel, he failed to avail himself of the opportunity to obtain retained counsel. No other attorney was ready or even named to undertake defendant's cause. In *People* v. *Stinson* (1967), 6 Mich App 648, this Court held that a denial of defendant's request for a continuance to enable defendant to obtain his own counsel was not error.

As in the instant case, the defendant in *Stinson* was dissatisfied with his appointed counsel and sought an adjournment at the outset of the trial to obtain other counsel. See also *People* v. *Edwards* (1969), 18 Mich App 526.

Second, defendant claims he was deprived of his right to a fair and impartial trial when the trial judge, sitting as the trier of fact, failed to disqualify himself, *sua sponte,* after indicating his disbelief in defendant's claims in support of his request to dismiss counsel. An examination of the record reveals no request to disqualify the judge; on the contrary, the record reflects defendant's desire for the same judge to hear the case when he stated: "I want for you to hear it." Under these circumstances and in the absence of any request at trial, this question is not preserved for appellate review. *People* v. *Piotrowski* (1966), 4 Mich App 510. See also *People* v. *Miller* (1922), 217 Mich 635 and *People* v. *Turner* (1952), 333 Mich 547.

Third, defendant claims the court erred in failing to declare, *sua sponte,* a mistrial when a witness testified to overhearing certain statements of defendant's accomplice implicating defendant. The argument, based upon *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476), lacks merit. An examination of the transcript reveals the testimony was stricken from the record in response to defendant's objection. Even if the testimony remained, the admission of such testimony would have been harmless error since there was overwhelming evidence of guilt. *Bearden* v. *United States* (CA 5, 1968), 403 F2d 782; *People* v. *Pelow* (1969), 24 NY2d 161 (247 NE2d 150), and *Ignacio* v. *Guam* (CA 9, 1969), 413 F2d 513.

Motion to affirm is granted.