## PEOPLE *v.* GIBBS

CRIMINAL LAW—ADJOURNMENT—DUE PROCESS—DISCRETION.

> Denial of defendant's request for an adjournment was neither a denial of constitutional rights nor an abuse of discretion where the request was made on the day of trial by defense counsel who had just been retained and was unprepared for trial, where the month between arraignment and trial afforded the defendant ample time to retain counsel but he did not avail himself of the opportunity to do so.

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division, Andrew C. Wood, J. Submitted Division 1 January 7, 1970, at Detroit. (Docket No. 6,184.) Decided January 27, 1970.

Alvin Elliott Gibbs was convicted of driving a motor vehicle while under the influence of intoxicating liquor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Conyers, Anderson, Brown & Wahls,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 237, 315.

Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR 2d 1390.

Before: LESINSKI, C. J., and J. H. GILLIS and
QUINN, JJ.

PER CURIAM. Defendant appeals from his convic-
tion and sentence on a charge of driving a motor
vehicle while under the influence of intoxicating
liquor. MCLA § 257.625 (Stat Ann 1968 Rev
§ 9.2325). Defendant was arraigned on May 6, 1968,
and trial was set for June 6, 1968. On the day
of trial, June 6, 1968, defendant first retained coun-
sel who then requested an adjournment, contending
that defendant was not prepared to go to trial.
The request was denied, trial proceeded as sched-
uled, and defendant was convicted as charged. On
appeal, defendant contends that the refusal of the
trial court to grant an adjournment denied defend-
ant his constitutional rights and was an abuse of
discretion.

In *People* v. *Clark* (1968), 9 Mich App 602, 605,
this Court held that it was not an abuse of discretion
on the part of the trial judge to deny an adjournment
where "the defendant fails to request an adjourn-
ment prior to the day of trial, particularly where
he had some 2-1/2 months to obtain counsel." In the
present case, defendant had one month in which to
retain counsel. We think one month was ample time
in which to retain counsel, yet there is no showing
that defendant attempted to avail himself of this
opportunity. Under the circumstances, we are
satisfied that defendant has failed to establish a
denial of his constitutional rights. Nor has defend-
ant established an abuse of judicial discretion.

*Cf. People* v. *Stinson* (1967), 6 Mich App 648;
*People* v. *Clark, supra.* Accordingly, we affirm de-
fendant's conviction.

Affirmed.