PEOPLE *v.* McCLAIN

1. CONTINUANCE—CRIMINAL LAW—DISCRETION.

Denial of defendant's request for a continuance on the day of his trial was neither an abuse of discretion nor a denial of his constitutional rights where he stated that the defense was not ready for trial, petitioned for another appointed attorney and stated he was not ready to conduct his own defense, but gave no reason for the defense not being ready, although he had nearly five months before trial to have his case prepared.

2. CONTINUANCE—CRIMINAL LAW—ASSISTANCE OF COUNSEL—DISMISSAL OF COUNSEL.

Denial of a defendant's request for a continuance because he is dissatisfied with his appointed counsel and desires to dismiss him is neither error nor an abuse of discretion where defendant seeks dismissal of his counsel at the outset of trial.

3. ESCAPE—EVIDENCE—SUFFICIENCY.

Testimony that defendant unlawfully left a prison camp without permission was sufficient to prove prison escape and if believed by the jury, supported the defendant's conviction of that offense (MCLA § 750.193).

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 June 18, 1970, at Lansing. (Docket No. 8,643.) Decided August 4, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Continuance §§ 34–38.
[2] 17 Am Jur 2d, Continuance § 35.
[3] 27 Am Jur 2d, Escape. Prison Breaking, and Rescue § 19.

John McClain was convicted of escaping from prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula Hosick,* Assistant Prosecuting Attorney, for the people.

*Hugh B. McVicker, Jr.,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM.   On the day of his trial for prison escape,* defendant requested a continuance, contending that the defense was not ready for trial, petitioned for another appointed attorney, and stated he was not ready to conduct his own defense.   He gave no reason for this sudden change and would not elaborate.

The court made the following statement:

"Well, you will not tell me why.   I cannot grant any motion on that basis without any basis for your motion.   You just say you are not ready for trial, and don't know how long this has been around— *since April.*   No indication of any reason as to why you are not ready for trial.   Been ample opportunity to prepare.   The court will hear the case."

The trial date was August 13, 1969.   It is not a denial of defendant's constitutional rights or an abuse of discretion on the part of the trial judge to deny adjournment where "the defendant fails to request an adjournment prior to the day of trial, particularly where he had some two and one-half months to obtain counsel".   *People v. Clark* (1968),

---

* CL 1948, § 750.193 (Stat Ann 1970 Cum Supp § 28.390).

9 Mich App 602. See *People* v. *Stinson* (1967), 6 Mich App 648; *People* v. *Gibbs* (1970), 21 Mich App 137. No error or abuse of discretion is found where the defendant, as in the instant case, was dissatisfied with his appointed counsel and sought his dismissal at the outset of the trial and the request was denied. *People* v. *Edwards* (1969), 18 Mich App 526; *People* v. *Miller* (1970), 21 Mich App 113.

Trial testimony established that the defendant unlawfully left the Waterloo prison camp without permission. This is sufficient to constitute prison escape. Such evidence, if believed by the jury, supports the defendant's conviction. An appellate court may not act as a reviewing jury on review of a criminal prosecution and may not disturb the jury's findings of fact unless the evidence fails to support such findings. *People* v. *Arither Thomas* (1967), 7 Mich App 103; *People* v. *Heard* (1969), 19 Mich App 516; *People* v. *Ford* (1969), 19 Mich App 519; *People* v. *Mays* (1969), 19 Mich App 588. Reviewing the record, we find there was sufficient evidence, if believed, to justify a finding of guilt beyond a reasonable doubt. *People* v. *Bynum* (1970), 21 Mich App 596, 602.

Affirmed.