PEOPLE *v.* RON WHITE

1. CONTINUANCE—CRIMINAL LAW—DISCRETION.

The granting of a continuance is within the sound discretion of the trial court and appellate courts will not interfere unless there has been a palpable abuse of discretion.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL.

The right to counsel must be exercised within the framework of the judicial process and not as a device to prevent bringing a criminal defendant to justice.

3. CRIMINAL LAW—CONTINUANCE—ASSISTANCE OF COUNSEL—UNPREPAREDNESS.

Denial of the defendant's request for a continuance was not error even though the defendant's assigned counsel was unprepared where counsel's unpreparedness can be attributed to the defendant's refusal to communicate with counsel and where the defendant, who had told the court that he was going to retain counsel and who was given the opportunity to retain counsel, did not retain counsel.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 June 9, 1970, at Detroit. (Docket No. 7,965.) Decided August 26, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 84.
  17 Am Jur 2d, Continuance §§ 3, 4.
[2] 21 Am Jur 2d, Criminal Law §§ 309–317.
  53 Am Jur, Trial §§ 25–27.
[3] 17 Am Jur 2d, Continuance §§ 3, 4.
  21 Am Jur 2d, Criminal Law § 309 *et seq.*
  53 Am Jur, Trial §§ 25–27.
  Withdrawal or discharge of counsel in criminal case as ground for continuance. 66 ALR2d 298.

Ron White, also known as Oliver A. Cook, was convicted, on his plea of guilty, of unlawfully taking and using an automobile without intent to steal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J.   Defendant was arrested on January 23, 1968, and charged with possession of a stolen vehicle.   MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954).   Assigned counsel was advised by another attorney that he was to be retained by the defendant.   The defendant also advised assigned counsel that he was retaining another attorney.

The case was adjourned five times and was finally set for trial on August 15, 1969, almost 15 months from the date of the arrest.   Defendant informed the court that he did not want to proceed to trial with his assigned counsel but wished to retain an attorney who had represented him on another case. The case was adjourned until the following day to allow the defendant time to consult with his attorney, secure witnesses, and file his notice of alibi. He never retained counsel.

The next day defendant appeared with assigned counsel present.   Witnesses for the people were

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

present for the second time. Defendant asked for another continuance, which was denied by the trial judge.

The assistant prosecutor amended the information by adding the additional count of unlawfully taking and using an automobile without intent to steal. MCLA § 750.414 (Stat Ann 1954 Rev § 28.646). Defendant pled guilty to the added count.

On appeal the defendant claims that the trial court abused its discretion by its denial of his request for a continuance and by its acceptance of his guilty plea. He further claims that he was denied the right of effective counsel.

The granting of a continuance is within the sound discretion of the trial court and appellate courts will not interfere unless there has been a palpable abuse of discretion. *People* v. *Knox* (1961), 364 Mich 620.

The defendant had ample time to secure counsel and to prepare his case. If counsel was not ready to proceed to trial, defendant has only himself to blame. His delay in retaining counsel and his failure to communicate with assigned counsel were responsible for the confusion.

As stated in *People* v. *Clark* (1968), 9 Mich App 602, 605:

"The right to counsel must be exercised by a defendant within the framework of the judicial process and cannot be employed as a device to prevent bringing a defendant to justice."

No less than four times during the examination of the defendant the court stated to the defendant the nature of the offense with which he was charged. The court asked the defendant:

"Why are you pleading guilty to unlawfully taking and using a 1966 Chevrolet Corvette on or

about the 23rd day of Jan., 1968 belonging to one Joseph Psenka?"

Defendant responded: "Because I'm guilty."

In addition, the court examined both the owner of the vehicle and the arresting officer. Defendant admitted that their testimony was correct.

Affirmed.

All concurred.