PEOPLE v HARDNETT

1. CRIMINAL LAW—ADJOURNMENT—DISCRETION.

Denial of defendant's request on the day of trial for adjournment to secure other counsel is neither a violation of defendant's constitutional rights nor an abuse of discretion where defendant's retained counsel had been on the case for six months prior to the date set for trial, had conferred with defendant on several occasions, and where the record is silent as to any evidence of dissatisfaction with retained counsel prior to the date set for trial.

2. CRIMINAL LAW—ADJOURNMENT—RIGHT TO COUNSEL—RIGHT TO DEFEND SELF.

Denial of adjournment was not a denial of an opportunity to obtain other counsel or of the opportunity for defendant to defend himself where the record shows that the defendant stated that he wished to proceed with the trial with originally retained counsel.

3. CRIMINAL LAW—EVIDENCE—OBJECTIONABLE TESTIMONY—PREJUDICE —INSTRUCTIONS TO JURY.

Instructions to the jury to disregard certain testimony regarding fingerprints which failed to connect the defendant with the crime effectively eliminated any prejudice which may have emanated from the introduction of such testimony where the jury was affirmatively informed that the prosecution had failed to show such a connection.

Appeal from Recorder's Court of Detroit, John R. Kirwan, J. Submitted Division 1 January 11, 1973, at Detroit. (Docket No. 13613.) Decided February 23, 1973. Leave to appeal denied, 390 Mich —.

REFERENCES FOR POINTS IN HEADNOTE
[1, 2] 53 Am Jur, Trial §§ 15, 16.
[3] 53 Am Jur, Trial § 671.

William Frank Hardnett was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Paul V. Rahaley,* for defendant on appeal.

Before: LESINSKI, C. J., and T. M. BURNS and O'HARA,* JJ.

LESINSKI, C. J. Defendant was convicted by jury verdict of murder in the first degree. MCLA 750.316; MSA 28.548. From this conviction he appeals, raising two allegations of error.

Defendant alleges that his constitutional rights were violated because the trial court refused to grant an adjournment on the day of trial to allow him either to secure other counsel or to prepare to defend himself, or to obtain witnesses. It is well settled that the grant or refusal of an adjournment is within the sound discretion of the trial court. *People v Raider,* 256 Mich 131 (1931).

On the day of trial defendant asked the court to grant an adjournment due to the fact that he wished to discharge his retained counsel and to either defend himself or to obtain the services of another attorney. Defendant's retained counsel had been on the case for a period of six months prior to the date set for trial. Defense counsel stated that he had conferred with the accused on several occasions. The record is silent as to any

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

evidence of dissatisfaction with retained counsel prior to the date set for trial. In *People v McClain,* 25 Mich App 691, 692–693 (1970), it was held:

"It is not a denial of defendant's constitutional rights or an abuse of discretion on the part of the trial judge to deny adjournment where 'the defendant fails to request an adjournment prior to the day of trial, particularly where he had some two and one-half months to obtain counsel'. *People v Clark,* 9 Mich App 602 (1968). See *People v Stinson,* 6 Mich App 648 (1967); *People v Gibbs,* 21 Mich App 137 (1970). No error or abuse of discretion is found where the defendant, as in the instant case, was dissatisfied with his appointed counsel and sought his dismissal at the outset of the trial and the request was denied. *People v Edwards,* 18 Mich App 526 (1969); *People v Miller,* 21 Mich App 113 (1970)."

Here on the day set for trial defendant sought the dismissal of his retained counsel. There was no abuse of discretion on the part of the trial court.

Defendant also charges that the trial court's refusal to grant the requested adjournment denied him an opportunity to obtain other counsel or indeed to defend himself. However, the following colloquy took place between the court and the defendant:

"*The Court:* I want to clear up one point. Will the defendant step up?

"So there is no misunderstanding, Mr. Hardnett, you indicated previously that you were dissatisfied with your attorney, and you wanted to retain another lawyer, that you wanted an adjournment and I denied that motion for an adjournment. You indicated that you wanted possibly to try the case yourself.

"In view of the fact that I did not grant the adjournment, it's my understanding you did want Mr. Considine to proceed at this time, is that right?

"*The Defendant:* That's right.

"*The Court:* All right, I just wanted to clear that up

on the record. That's what was explained to me and it wasn't on the record."

Thus there is an on-the-record statement by the defendant that he wished to proceed with his originally retained counsel.

Defendant also claims that the trial court committed reversible error in permitting the jury to hear the testimony of two police officers concerning some fingerprints. By introducing the testimony of these two witnesses, the prosecutor was attempting to connect the fingerprints taken at the scene of the crime with those of William Frank Thompson, which name the prosecution believed to be merely an alias for that of the defendant William Frank Hardnett. The first police officer to testify was the one who took the prints of the man claiming to be William Frank Thompson. That officer did not identify the defendant as being William Frank Thompson. The second officer to testify was the one who had taken fingerprint samples from the scene of the crime. During the course of this officer's testimony, defense counsel objected and the jury was excused. A separate record was made for the purpose of discovering whether or not a connection could be shown between the prints of William Frank Thompson, those taken at the scene of the crime, and those of the defendant. The testimony of this second officer revealed that no such connection could be made. Consequently, the fingerprints were not received into evidence and the trial court twice instructed the jury to disregard all testimony relating to those fingerprints.

Defendant contends that he was extremely prejudiced by the introduction of the testimony of the two police officers with respect to the fingerprints. He contends that no instructions given by the trial

court to the jury to disregard said testimony could effectively eliminate the prejudice from the minds of the jurors. We do not agree. The testimony of the officers did not connect the fingerprints taken at the scene and those belonging to William Frank Thompson with the defendant. Indeed, the trial judge in instructing the jury to disregard said testimony, affirmatively informed the jury that the prosecution had failed to show any connection. We hold that the trial court's instructions effectively eliminated any prejudice which may have emanated from the introduction of this testimony. *People v Wolke,* 10 Mich App 582 (1968).

Affirmed.

All concurred.