# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

DERICK LEVON DEBORD,

   Defendant-Appellant.

UNPUBLISHED
February 14, 2017

No. 330470
Livingston Circuit Court
LC No. 15-022814-FH

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions following a jury trial of operating a vehicle while intoxicated, third offense, MCL 257.625; and operating a vehicle while license is suspended or revoked, second offense, MCL 257.904. The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to four to 20 years' imprisonment and to 84 days in jail, respectively. We affirm.

A man and a female companion were travelling in a car that left the roadway and crashed. One witness who observed the scene after the crash testified that the man was in the car's driver's seat and his companion was in the passenger's seat. The witness explained that the man, who was not wearing pants when he exited the vehicle, walked to the passenger's side of the car and retrieved a pair of pants, which he donned before returning to the driver's seat. Another witness noticed that the man's female companion, who was pacing around outside the vehicle, placed a bottle of Jägermeister next to a tree. The witness stated that the man and his companion proceeded away in their car, with the man driving. The witness identified the man as defendant.

A police officer who subsequently gave defendant a series of field sobriety tests testified that defendant failed the tests. The officer stated that he spoke with defendant's female companion, who told him that defendant had been driving that night. At trial, the woman testified that she had been driving, but acknowledged that she can be heard on a recording of her interview by the aforementioned officer saying that defendant asked her to tell the police that she had been driving.

On appeal, defendant argues that the trial court abused its discretion by denying his request, made on the first day of trial, for a continuance to obtain new counsel. Defendant argued that he was unhappy with his appointed counsel's representation. He told the court his

-1-

family was prepared to hire independent counsel. The court denied the motion, noting that defendant had had ample time to secure his own counsel since he was bound over for trial nearly three months earlier.

We review for an abuse of discretion a trial court's decision regarding a request for substitution of counsel. *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id.* (citation and quotation marks omitted). When evaluating the trial court's decision, we are guided by consideration of the following factors:

> (1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. [*People v Echavarria*, 233 Mich App 356, 369; 592 NW2d 737 (1999).]

"The Sixth Amendment guarantees an accused the right to retain counsel of choice." *People v Akins*, 259 Mich App 545, 557; 675 NW2d 863 (2003) (citation and quotation marks omitted). "However, the right to counsel of choice is not absolute." *Id.* (citation and quotation marks omitted). Rather, "[a] balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice is done in order to determine whether an accused's right to choose counsel has been violated." *Id.* (citations and quotation marks omitted). "A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause . . . [and] a defendant's general unhappiness with counsel's representation is insufficient." *Strickland*, 293 Mich App at 398.

Defendant informed the court that he was not happy with his attorney's representation for a variety of reasons, including that he had not seen her for approximately two months before meeting with her on the Friday before trial (which began the following Monday). Conversely, defense counsel explained to the court that she met with defendant at the county jail five times in the two weeks before trial.

Defendant admitted that he did not have any problems with his counsel when she was first appointed and that they had been "getting along pretty good . . . ." However, defendant stated that he became dissatisfied with her representation, in part because counsel had advised him to plead guilty and had informed him that he would get the maximum sentence if he was found guilty after a jury trial. Defense counsel indicated that she discussed with defendant "the liabilities versus the benefit of going forward with trial, [and] his exposure to penalty." Given defendant's extensive criminal history, including his prior drunk driving convictions, any advice counsel may have given about the benefits of pleading guilty was consistent with her duty of

competence, MRPC 1.1(c);[1] and communication, MRPC 1.4(b);[2] as well as with the scope of her representation, MRPC 1.2(c).[3]

Defendant also complained that he did not receive his discovery package until the day before trial and had not had the chance to go through it with his family. Defense counsel informed the court that defendant requested his discovery packet on the Friday evening before trial and she gave him the discovery packet and the case file on Sunday morning. This comported with her duty to "act with reasonable . . . promptness in representing a client." MRPC 1.3.

Further, there was no showing that defendant's family members were prepared to hire a substitute attorney. None of defendant's family members were present in the courtroom to inform the court of any decision or preparedness to hire a substitute attorney. Apart from defendant's court-appointed attorney, no other attorney "communicated with the court in any manner to convey to the court that he was ready to undertake defendant's cause." *People v Stinson*, 6 Mich App 648, 654; 150 NW2d 171 (1967).

Further, defendant was bound over for trial on June 23, 2015, after waiving a preliminary examination, and was arraigned on July 30, 2015, on a bench warrant issued for his failure to appear at a July 17, 2015, pretrial. Defendant was present at the July arraignment but did not complain about counsel's representation. Nor did he raise the matter at the subsequent settlement conference. Thus, when trial commenced on September 21, 2015, defendant had had ample time to avail himself of the opportunity to obtain substitute counsel but failed to do. *Stinson*, 6 Mich App at 654.

Because witnesses and 50 potential jurors were present and the prosecutor and defense counsel were ready to proceed with trial, defendant's decision to request an adjournment on the first day of trial would have resulted in an unreasonable delay. See *Strickland*, 293 Mich App at 399. "While the appellate courts of this land zealously guard against the rights of defendants to counsel, they equally concern themselves with the need to dispose of litigation with proper diligence to avoid a breakdown of the judicial process which is threatened by long delays." *People v Clark*, 9 Mich App 602, 605; 157 NW2d 798 (1968).

Finally, defendant did not show that he was prejudiced by the trial court's decision. The central dispute at trial was the identity of the person operating the car at the time of the crash. The prosecution presented compelling evidence that defendant had been driving, and defendant

---

[1] MRPC 1.1(c) provides that a lawyer must not "neglect a legal matter entrusted to the lawyer."

[2] "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." MRPC 1.4(b).

[3] "[A] lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good-faith effort to determine the validity, scope, meaning, or application of the law." MRPC 1.2(c).

has failed to demonstrate how a different attorney would likely have obtained a different verdict. Defendant has failed to show any entitlement to appellate relief.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter